THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* FIVE PINT BOTTLES OF WHISKY, etc., Seized from LOUIS WEISS, Respondent.

*Intoxicating liquors — seizure of liquor without a warrant — notice of forfeiture — when motion for return of liquor improperly denied.*

People v. *Five Pint Bottles of Whisky (Weiss),* 206 App. Div. 712, affirmed.

(Submitted June 1, 1923; decided July 13, 1923.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered May 18, 1923, which reversed an order of the Queens County Court denying a motion for the return of certain intoxicating liquor and granted said motion. It was alleged that the liquor was seized without a warrant and that notice to show cause why the seized liquors should not be forfeited was not served within the time required by the statute.

*Dana Wallace, District Attorney (Joseph Lonardo* of counsel), for appellant.

*Meyer Kraushaar* and *Emanuel Celler* for respondent.

Order affirmed; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

FRANK B. SHAMROCK, as Administrator of the Estate of EDWARD A. SHAMROCK, Deceased, Respondent, *v.* GENERAL ELECTRIC COMPANY et al., Appellants.

*Negligence — presence in electric transformer of " packing block " of wood — when manufacturer liable for death of workman caused by short circuit upon switching on of electricity — when installer liable for failing to inspect and test transformer before turning on of heavy current of electricity.*

*Shamrock* v. *General Electric Co.,* 204 App. Div. 902, affirmed.

(Argued May 11, 1923; decided July 13, 1923.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 23, 1922, unanimously

affirming a judgment in favor of plaintiff entered upon a verdict. The action was to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendants. Intestate was employed by defendant Niagara Falls Power Company which was engaged in installing two large current transformers, purchased from defendant General Electric Company, at one of its stations. On completion of the work a high current of electricity was turned into the transformers, a short circuit occurred and intestate was killed. It was alleged that the accident was caused by the presence in the transformers of a large " packing block " of wood fastened thereto by wire nails and that the General Electric Company was negligent because it failed to advise the defendant Niagara Falls Power Company to remove the temporary packing blocks used for protection of the transformer in transit; and that the Niagara Falls Company was negligent in failing to inspect and test the transformers before using them with a deadly current; also in failing to discover the packing blocks and remove them without notice; also in failing to have automatic switches and other modern equipment.

*Adelbert Moot, Welles V. Moot* and *Richmond D. Moot* for General Electric Company, appellant.

*Franklin D. L. Stowe* for Niagara Falls Power Company, appellant.

*Hamilton Ward* and *Hubert Collins* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HOGAN, CARDOZO, POUND and CRANE, JJ.; HISCOCK, Ch. J., and McLAUGHLIN, J., dissent on ground of error in charge. Not sitting: ANDREWS, J.